IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Houston Grant,<br><br>    Movant/Defendant,<br><br>v.<br><br>United States of America,<br><br>    Respondent/Plaintiff. | No. CV-16-02057-PHX-JAT (BSB)<br>CR-06-00526-PHX-JAT<br><br>**REPORT<br>AND RECOMMENDATION** |

Defendant/Movant Steven Houston Grant (Defendant) has filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. (Doc. 1.) Based on the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015) (*Johnson II*), Defendant argues that his sentence imposed in *United States v. Grant*, CR-06-00526-PHX-JAT, violates due process and is unconstitutional. (Doc. 1.)[1] In *Johnson II*, the Court held that imposing an increased sentence under the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B),[2] violated due process. *Id.* at 2563.

---

[1] Citations to "Doc." refer to the docket in the pending § 2255 matter, *Grant v. United States*, CV-16-02057-PHX-JAT (BSB). Citations to "CR Doc." refer to the docket in the underlying criminal matter, *United States v. Grant*, CR-06-00526-PHX-JAT.

[2] The definition of "violent felony" in the ACCA includes the "force clause," § 924(e)(2)(B)(i), the "enumerated offenses clause," § 924(e)(2)(B)(ii), and the "residual clause," which is the final clause of § 924(e)(2)(B)(ii) ("or otherwise involves conduct that presents a serious potential risk of physical injury to another"). *See Johnson II,* 135 S. Ct. at 2255-56 (explaining the "residual clause").

In the pending § 2255 motion, Defendant argues, in part, that he is entitled to relief because his sentence was predicated on the residual clauses of 18 U.S.C. § 924(c)(3)(B) and U.S.S.G. § 4B1.2(a)(2), which are identical to the residual clause of the ACCA and, therefore, are unconstitutionally vague. (Doc. 1 at 3.) Defendant argues that *Johnson II* applies to the residual clause of § 924(c)(3)(B) and § 4B1.2(a)(2), and applies retroactively to this case on collateral review. (*Id.* at 25-27.) This matter is now before the Court on the government's Motion to Stay Further Proceedings on the Motion to Vacate Sentence. (Doc. 4.)

The government argues that the Court should stay this matter pending the Supreme Court's decisions in *Beckles v. United States*, 616 Fed. App'x. 415 (11th Cir. 2015), *cert. granted*, 136 S. Ct. 2510 (U.S. June 27, 2016) (No. 15-8544) and *Lynch v. Dimaya,* 803 F.3d 1110 (9th Cir. 2015), *petition for cert. filed,* 84 U.S.L.W. 538 (U.S. June 10, 2016) (No. 15-1498). (Doc. 4 at 1.) The government argues that the Supreme Court's decisions in *Beckles* and *Dimaya* will control the disposition of this case and, therefore, the Court should grant the motion to stay to promote judicial efficiency and "ensure uniformity of law." (*Id.* at 2.)

Defendant has filed a response and supplemental response opposing the motion to stay. (Docs. 5, 7.) Defendant argues that judicial efficiency does not justify a potentially lengthy stay in a habeas case, that he would be prejudiced by a stay, and therefore the Court should deny the government's motion. (Doc. 5 at 1, 4.) The government has filed replies to Defendant's response and supplemental response. (Docs. 6, 10.) For the reasons below, the Court recommends that the motion for a stay be denied.

**I.   Background**

On May 24, 2006, a grand jury returned an indictment charging Defendant with two counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (Counts One and Four), two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Counts Two and Five), and two counts of use of a firearm in the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts Three and Six). (CR

Doc. 1.) On October 31, 2006, pursuant to a plea agreement, Defendant pleaded guilty to Counts One, Two, Four, Five, and Six of the indictment. (CR Doc. 52.) The plea agreement provided a stipulated total sentence of 32 years' imprisonment on Counts One, Two, Four, Five, and Six. (*Id.* at 3.) The government agreed to dismiss Count Three of the indictment. (*Id.* at 4.)

The Court held a sentencing hearing on February 1, 2007 (CR Doc. 51), and entered an amended judgment on February 16, 2007. (CR Doc. 54.) At sentencing, the Court found that Defendant qualified as a career offender under U.S.S.G. § 4B1.1, based on prior convictions that were "crimes of violence" under the residual clause of U.S.S.G. § 4B1.2. (Doc. 1 at 2-3 (citing Presentence Report (PSR) ¶¶ 52, 63-65).)

The Court sentenced Defendant to thirty-two years' imprisonment (384 months) on his convictions for bank robbery, as charged in Counts One and Four, armed bank robbery, as charged in Counts Two and Five, and use of a firearm in a crime of violence, as charged in Count Six. (CR Doc. 54.) The Court explained that Defendant's sentence consisted of terms of 240 months' imprisonment on Counts One and Four, and 300 months' imprisonment on Counts Two and Five, with the terms of imprisonment for Courts One, Two, Four and Five to run concurrently. The sentence also included a mandatory, consecutive term of seven years' imprisonment (84 months) on Count Six for the conviction under § 924(c). (*Id.*; *see also* Doc. 1 at 3.)

On June 24, 2016, following the Supreme Court's decision in *Johnson II*, Defendant filed the pending § 2255 motion. (CR Doc. 58.) Defendant has not previously filed a § 2255 motion. Defendant asserts that his projected release date is August 22, 2035. (Doc. 1 at 3.)

**II. Motion to Stay**

**A. Standard for Stay**

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.3d 265, 268 (9th Cir. 1962). However, as

the Ninth Circuit explained in *CMAX*, when considering whether to stay a proceeding, the district court must consider the competing interests that will be affected. *Id.* In weighing these interests, the court must consider "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."³ *Id.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

In *Landis,* the Supreme Court cautioned that the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to someone else." *Landis*, 299 U.S. at 255 (reversing a lower court decision granting a stay because it would cause undue delay). The Ninth Circuit has explained that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112.

The Ninth Circuit has also explained that "[a] stay [pending resolution of another matter] should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). Furthermore, "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interest of judicial economy." *Yong v. INS*, 208 F.3d 1116, 1120 (9th Cir. 2000) (finding that the interests of judicial economy did not authorize a "potentially lengthy stay in a habeas case.")

---

³ In arguing the standard for a stay, Defendant relies on *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109-10 (9th Cir. 2005), which follows the standard announced in *CMAX*. (Doc. 5 at 2.) Defendant also argues that *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987), sets the "general standard" for stays in collateral cases. (Doc. 5 at 1-2.) However, in *Hilton*, the Supreme Court addressed the standard for a stay of a successful habeas petitioner's release pending appeal. *Hilton*, 481 U.S. at 772. This standard, which addresses a stay pending an appeal and includes factors not included in the *CMAX* standard, is inapplicable to the motion to stay in this case. *See id.* at 776.

- 4 -

As set forth below, the Court applies the standard set forth in *CMAX* to the government's motion to stay and concludes that neither the balancing of the hardships between the parties, nor the prospect of narrowing the factual or legal issues, justifies a stay.

### B.     Judicial Efficiency

The Court addresses the *CMAX* factors out of order and starts with the third factor ― "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See CMAX*, 300 F.3d at 268. The government argues that the Court should stay this matter pending the Supreme Court's decision in *Beckles.* The Supreme Court has granted certiorari in *Beckles*, 136 S. Ct. 2510 (No. 15-8544), on the following issues: (1) whether *Johnson II* applies retroactively to collateral challenges to federal sentences that were enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2); and (2) whether *Johnson II's* constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review. *See Beckles*, Brief for Petitioner at i, 136 S. Ct. 2510, 2016 WL 4363345, at *i (No. 15-8544). Therefore, the government argues that "the Court's decision in *Beckles* will control the disposition of this case" with respect to Defendant's claim that the residual clause of U.S.S.G. § 4B1.2 is unconstitutional, and that it may be "informative" with respect to Defendant's § 924(c) claim. (Doc. 4 at 2-3.)

Because the Ninth Circuit has not decided if the analysis of *Johnson II* applies to invalidate the residual clause of § 4B1.2(a), and if so, whether it applies retroactively on collateral review,[4] and there is a circuit split on these issues,[5] the Court agrees with the

---

[4] *See United States v. Willis*, 795 F.3d 986, 996 (9th Cir. 2015) ("It is an open question, however, whether this residual clause [in § 4B1.2(a)] remains valid in light of *Johnson*."); *United States v. Lee*, 821 F.3d 1124 (9th Cir. 2016) ("We decline to decide whether *Johnson's* reasoning extends to the Sentencing Guidelines . . ."); *United States v. Torres*, 2016 WL 3770517 (9th Cir. July 14, 2016) ("[It] is an open question whether § 4B1.2(a)'s residual clause remains valid in light of *Johnson,* although several circuits, including ours, have signaled concern about its constitutionality.").

- 5 -

government that a decision on the issues presented in *Beckles* would narrow the issues and promote judicial economy with respect to Defendant's Guidelines claim. However, resolution of the Guidelines issues would not resolve Defendant's § 942(c) claim.

Perhaps recognizing that a decision in *Beckles* will not resolve all of Defendant's claims, the government also argues that the Court should stay this matter pending the outcome of *Dimaya*. (Doc. 4 at 3.) In *Dimaya,* 803 F.3d at 1115, the Ninth Circuit held that the residual clause of 18 U.S.C. § 16(b) is unconstitutionally vague.[6] In this case, Defendant was convicted of using a firearm in a crime of violence, in violation of 18 U.S.C. § 924(c). Section 924(c) includes the same definition of crime of violence as § 16(b).[7] Thus, Defendant argues that the residual clause in § 924(c) is also unconstitutionally vague.

The government argues that this proceeding should be stayed because a petition for writ of certiorari was filed in *Dimaya,* 84 U.S.L.W. 538 (No. 15-1498)*,* on June 10, 2016. (Doc. 4 at 3.) The government argues that if the Supreme Court reverses the Ninth Circuit's decision in *Dimaya,* then Defendant's claim that the residual clause of § 924(c) is unconstitutional "must necessarily fail." (*Id.*) Defendant opposes a stay pending the resolution of *Dimaya* because such a stay is indefinite considering the procedural posture of the petition for writ of certiorari and because the Court is required to apply binding

---

[5] The Fifth, Eighth, and Eleventh Circuits have concluded that *Johnson II* does not invalidate the residual clause in U.S.S.G. § 4B1.2(a). *See In re Arnick,* 2016 WL 3383487, at *1 (5th Cir. June 17, 2016); *Donnell v. United States*, 2016 WL 3383831, at *2 (8th Cir. June 20, 2016); *In re Griffin,* 2016 WL 3002293, at *5 (11th Cir. May 25, 2016). However, the Second, Fourth, and Tenth Circuits have decided that the analysis of *Johnson II* applies to invalidate the residual clause of the § 4B1.2(a). *See Blow v. United States*, 2016 WL 3769712, at *2 (2d Cir. July 14, 2016) (per curiam); *In re Hubbard*, 2016 WL 3181417, at *6-7 (4th Cir. June 8, 2016); *In re Encinias,* 821 F.3d 1224, 1226 (10th Cir. 2010) (per curiam).

[6] Section 16(b) provides that a "crime of violence" is "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

[7] Title 18 U.S.C. § 924(c) provides that a "crime of violence" means "an offense that is a felony and . . . that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

- 6 -

Ninth Circuit authority without waiting for a further ruling by the Supreme Court. (Doc. 5 at 7.)

Defendant asserts that *Dimaya* controls his § 924(c) claim (Doc. 1 at 5), and the government does not dispute that *Dimaya* is controlling Ninth Circuit authority that applies in this case. (Doc. 4 at 3.) Although a petition for writ of certiorari has been filed, it will not be ruled on until October 2016 at the earliest, and it is uncertain whether the petition will be granted. *Dimaya,* 84 U.S.L.W. 538 (No. 15-1498). Even if certiorari is granted, it is unknown whether the Supreme Court would consider *Dimaya* in the upcoming term. Thus, a stay pending resolution of *Dimaya* could be lengthy and indefinite. *See Yong*, 208 F.3d at 1120-21 (holding that judicial economy cannot justify an indefinite and potentially lengthy stay).[8] Moreover, the Ninth Circuit has held that "once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority."[9] *Id.* at 1119 n.2 (citing *McClellan v. Young,* 421 F.2d 690, 691 (6th Cir. 1970)). Therefore, the Court finds no justification to stay this matter pending resolution of *Dimaya*.

Furthermore, Defendant's § 2255 motion asserts additional grounds to support his claim that he is entitled to relief and resentencing. Defendant argues that his underlying

---

[8] In *Yong*, the Ninth Circuit held that the district court abused its discretion by staying a habeas corpus petition pending resolution of another matter pending before the court, *Ma v. Reno,* 208 F.3d 815 (9th Cir. 2000). *See Yong*, 208 F.3d at 1121. The court noted that because *Ma* was merely before the Ninth Circuit, it was uncertain when it would be resolved. *Id.* at 1119. The court asserted that the resolution of *Ma* could take years if the Supreme Court granted certiorari and reversed the Ninth Circuit's decision. *Id.*

[9] As Defendant notes, district courts in the Ninth circuit have followed that rule in refusing to grant stays of habeas corpus proceedings to await a Supreme Court or *en banc* ruling. *See Pastrana v. Clark,* 2010 WL 744585, at *1 (E.D. Cal. Mar. 3, 2010) (denying § 2254 habeas petitioner's request for a stay pending an en banc decision in another case); *Crow v. Hartley*, 2009 WL 80307, at *1 (E.D. Cal. Jan. 13, 2009) (same); *Velasquez v. Ellis*, 2008 WL 768718, at *1 (E.D. Cal. Mar. 21, 2008) (denying § 2254 habeas petitioner's request for a stay pending a Supreme Court ruling in another case); *Starbucks Corp. v. Lundberg*, 2004 WL 2554578, at *1 (D. Or. Nov. 10, 2004) (denying motion for stay pending a decision in a case already argued before Supreme Court stating that "[t]his court does not have authority to await a ruling by the Supreme Court when the Ninth Circuit has already decided an issue of law").

convictions, which were used to enhance his sentence under the "force" clauses of § 4B1.2 and § 924(c), and under the "enumerated offense" clause of § 4B1.2, do not categorically qualify under those clauses in the statute or the Guidelines. (Doc. 1 at 6-13 (arguing that his armed robbery convictions do not qualify as crimes of violence under the "force" clause of § 924(c)); Doc. 1 at 15-24 (arguing that federal bank robbery and Arizona armed robbery do not qualify as crimes of violence under the "force" or "enumerated offenses" clauses of § 4B1.2.)

The government asserts that Defendant's "additional arguments against the elements clauses of § 924(c) and U.S.S.G. § 4B1.2 do not challenge the validity of the elements clauses themselves, but merely that the offenses that [Defendant] has already been convicted of do not fall within the contours of the elements clause's categorical and modified categorical approaches." (Doc. 4 at 3-4.) The government concludes that "[i]f the residual clauses are not unconstitutionally vague, this Court need not, and should not, even reach these arguments." (*Id.* at 4.)

As Defendant explains in his § 2255 motion, "[u]ntil *Johnson II,* defendants had little reason to challenge the force clause holdings of [Ninth Circuit decisions in] *Selfa and Wright,* knowing that their bank robbery or armed robbery convictions would still be deemed crimes of violence under the residual clauses of sections 924(c)(3)(B) and 4B1.2(a)(2)." (Doc. 1 at 7.) Thus, Defendant is challenging his sentence under clauses that are separate and independent from the residual clauses. If the Supreme Court upholds the validity of the residual clause in § 4B1.2, as Defendant acknowledges, there will be no point to Defendant's argument under the other clauses.

However, if the government's position in *Beckles* is rejected, and the Supreme Court holds that the reasoning of *Johnson II* applies and invalidates the "residual clause" of § 4B1.2, Defendant's other challenges to his sentence would still be pending before this Court and would require resolution. As the government acknowledges, "[t]o be clear, on the merits, the government does not agree that Petitioner's prior convictions would fail to satisfy the elements clauses of § 4B1.2(f) and § 924(c) should the residual

- 8 -

clauses be invalidated." (Doc. 4 at 4, n.1.)  Thus, it appears that if the Supreme Court invalidates the residual clause in § 4B1.2, the government will then argue that Defendant's underlying convictions fall within the "force" and "enumerated offenses" clauses of the statute and the Guidelines.

Therefore, although the Court finds that staying this matter pending the Supreme Court's decision in *Beckles* would narrow the issues and promote judicial economy, it would not resolve all of the issues in Defendant's § 2255 motion.  Defendant's § 924(c) claim, and potentially his claims that his underlying offenses do not satisfy the elements of the force or enumerated offenses clauses in both the statute and the Guidelines, would remain.  Therefore, the Court concludes that the interest of judicial economy does not weigh in favor of staying this matter.

### C.  Prejudice to Defendant

In addressing the second *CMAX* factor, Defendant argues that a potentially lengthy stay will prejudice him because while his § 2255 motion is pending, he is incarcerated and serving a sentence he argues is unconstitutional.  (Doc. 5 at 4-5.)  Defendant argues that, without the career offender enhancement under § 4B1.2, and without the mandatory consecutive seven-year term under 18 U.S.C. § 924(c), the Guidelines range on Counts One, Two, Four, and Five is 140 to 175 months at a Total Offense Level 28 and Criminal History Category VI.[10]  (*Id.* at 9 (citing PSR ¶¶ 49, 51, 52, 67-69).)  Defendant states that, at the time he filed his response to the motion for a stay, he had been in custody for more than 122 months since his arrest on May 9, 2006.  (*Id.*)

The government argues that a stay of this matter will not prejudice Defendant.  (Doc. 6 at 6.)  The government asserts that even if Defendant were successful on his claims, because he pleaded guilty to two violations of 18 U.S.C. § 2113(a) — which carries a statutory maximum sentence of twenty years' imprisonment — he could remain in custody until October 31, 2026 without exceeding the statutory maximum sentence.

---

[10] In this Guidelines calculation, it appears Defendant is assuming that the Court would order any term of imprisonment imposed on Count VI to run concurrently with the terms of imprisonment imposed for the other counts.

- 9 -

(*Id.*)  Further, the government argues that *Beckles* will likely be decided by the end of the upcoming Supreme Court term in June 2017.  (*See* Doc. 6 at 6.)  Thus, a decision will be released well before Defendant's sentence will exceed the statutory maximum sentence.  (*Id.*)

The government also asserts that even assuming Defendant correctly calculated his possible sentence at the lower end of the Guidelines range at 140 months, his sentence would not expire until January 2018 (because at the time of the government's reply, Defendant had only served 122 months).  (*Id.* at 6-7.)  Thus, the government argues that "[t]here is simply no risk" that *Beckles* will not be decided before Defendant's release date.  (*Id.* at 7.)  For purposes of balancing the competing interests presented on the motion to stay, the Court assumes that if Defendant prevails on his § 2255 motion, his release date would be January 2018.

The Court first considers whether a stay pending resolution of *Beckles* would result in an inordinate delay because of the Court's duty to adjudicate habeas petitions in a timely manner.  *See Yong*, 208 F.3d at 1119-20.  Because a decision in *Beckles* is expected by June 2017 at the latest, which is less than a year away, a stay of this matter, unlike the stay in *Yong*, would not be indefinite.  However, as Defendant argues, staying this proceeding pending the Supreme Court's decision on this issue could prejudice Defendant who seeks relief which, if granted, could result in a reduced term of imprisonment.  Because the result in *Beckles* will not resolve Defendant's remaining claims, a delay of several months waiting for the *Beckles* decision could delay resolution of the remaining issues and potentially delay Defendant's case and possible release.[11]  Therefore, the Court finds that the potential prejudice to Defendant weighs against a stay.

In addition, the Ninth Circuit recently lifted the stays previously entered in *Gardner v. United States*, No. 15-72559 (9th Cir. Aug. 1, 2016), ECF No. 42  and *Jacob*

---

[11] For example, if the Court were to grant a stay in this matter pending the resolution of *Beckles*, and if the Supreme Court were to invalidate the residual clause in § 4B1.2 in June 2017, then this Court would lift the stay and the parties would complete briefing on the remaining issues, after a delay of several months.

- 10 -

*v. United States*, No. 15-73302 (9th Cir. Aug. 1, 2016), ECF No. 39. The government had asserted that the stays in *Gardner* and *Jacob* undermined Defendant's reliance on *Yong*. (Doc. 6 at 2.)  The government now asserts that the lifting of the stays has no bearing on the instant case.  (Doc. 10 at 1-2.)   However, the lifting of the stays obviates the government's argument that the Ninth Circuit approves staying § 2255 motions in cases raising issues that may be resolved by *Beckles*.

### D. Prejudice to the Government

The final *CMAX* factor requires the Court to consider "the hardship or inequity which a party may suffer in being required to go forward."  *CMAX*, 300 F.3d at 268.  As the Supreme Court explained in *Landis*, the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to someone else." *Landis,* 299 U.S. at 255. Furthermore, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112.

Here, the government does not argue any hardship in being required to go forward. Instead, the government argues that the Court should stay this matter "to ensure uniformity of law and in the interest of judicial efficiency." (Doc. 4 at 1.)  Therefore, the government has not established a clear case of "hardship or inequity" in being required to go forward and, as set forth above, there is a "fair possibility" that a stay would prejudice Defendant.  Therefore, the Court finds that potential prejudice to the government does not support a stay in this matter.[12]

### III. Conclusion

The relevant circumstances in this § 2255 motion weigh in favor of denying the motion to stay.  Therefore, the Court recommends that the government's motion to stay proceedings pending the decisions of *Beckles* and *Dimaya* be denied.

Accordingly,

---

[12] Because the Court recommends that the stay be denied, it does not reach Defendant's argument that a lengthy stay could violate the Suspension Clause of Article I, § 9.  (Doc. 5 at 6.)

- 11 -

**IT IS RECOMMENDED** that the government's motion to stay proceedings (Doc. 4) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 21st day of September, 2016.

_____
Bridget S. Bade
United States Magistrate Judge